**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM DIVISION**

LOUIS ADDESSO,                                CASE NO.:

        Plaintiff,

v.

ABERDEEN GOLF & COUNTRY CLUB, INC,
A Florida Not for Profit Corporation,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LOUIS ADDESSO ("MR. ADDESSO" or "Plaintiff"), files this Complaint against Defendant, ABERDEEN GOLF & COUNTRY CLUB, INC., ("ABERDEEN" or "Defendant"), a Florida Not for Profit Corporation, and states as follows:

### JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover overtime wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs. Plaintiff is also seeking unpaid wages and compensatory damages from Defendant, as well as attorneys' fees and costs, pursuant to the Florida Whistleblower Act, ("FWA") at Section 448.102(3), Florida Statutes.

2.      The federal question jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3.      The Court has supplemental jurisdiction over Plaintiff's Florida Whistleblower claim pursuant to 28 U.S.C. § 1367, as this claim is related and factually intertwined with Plaintiff's FLSA claims, in that it forms part of the same case or controversy.

### PARTIES

4.      At all times material hereto, Plaintiff was a resident of Palm Beach County,

5.      At all times material hereto, Defendant was, and continues to be, a Florida Profit Corporation, and continues to be engaged in business in, among other places, Palm Beach County, Florida.

6.      At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

8.      At all times material hereto, Defendant was the "employer" within the meaning of the FLSA and the FWA.

9.      At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of FLSA.

10.      At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

11.      Based upon information and belief, the annual gross revenue of Defendant, during all time relevant, was in excess of $500,000.00 per annum during the relevant time periods.

12.      At all times relevant hereto, Defendant was primarily engaged in providing food, dining, leisure, and sporting services, at a country club located in Palm Beach County, Florida.

13.      At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14.      At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

15.      Defendant employed ten (10) or more employees, for purposes of being defined

as an "employer" under the FWA and an employer under the FLSA

**STATEMENT OF FACTS**

16.     Plaintiff worked as a non-exempt, Assistant Director of Tennis, for Defendant from September 2, 2015, until January 19, 2018.

17.     Plaintiff performed non-exempt duties and responsibilities and was entitled to be compensated for overtime work.

18.     At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week, and averaged approximately fifty-six (56) hours per week of work.

19.     Plaintiff was not exempt from overtime under the FLSA and should have been paid his full and proper overtime compensation.

20.     Defendant misclassified Plaintiff as an exempt employee under the FLSA for purposes of avoiding its obligations under the FLSA.

21.     Plaintiff regularly worked overtime hours during his employment with Defendant.

22.     Defendant failed to pay Plaintiff for his overtime hours worked at one and one-half his regular rate of pay.

23.     Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

24.     Defendant has violated Title 29 U.S.C. §§206-207 in that:

    a.     Plaintiff worked in excess of forty (40) hours in at least one or more workweeks during his period of employment with Defendant;

    b.     No payments or provisions for payment were made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40)

       c.      Defendant failed to maintain proper time records as mandated by the FLSA.

25.     For the time period of September 2, 2015, until December 8, 2016, Plaintiff estimates his damages to be, as follows: Plaintiff was paid $538.46 per week during this time period for what should have been a forty (40) hour workweek. As such, Plaintiff's overtime rate should have been $20.19 for each overtime hour worked ($13.46 X 1.5). Plaintiff is therefore owed $20.19 per overtime hour, for each unpaid overtime hour, multiplied by his average overtime hours worked per week of sixteen (16), totaling **$323.04** per work week ($20.19 X 16 OT hours per week). Plaintiff's employment during this period lasted sixty-six (66) weeks. **$323.04 X 66 weeks = $21,320.64 in unliquidated damages, and $42,641.28 in liquidated damages.** [1]

26.     For the time period of December 8, 2016, until his unlawful termination on January 19, 2018, Plaintiff estimates his damages to be, as follows: Plaintiff was paid $913.00 per week during this time period, for what was intended to be a forty (40) hour week. As such, Plaintiff's overtime rate should have been $34.25 for each overtime hour ($22.83 X 1.5), multiplied by his average overtime hours worked per week of sixteen (16), totaling $548.00 per work week ($34.25 X 16 OT hours per week). Plaintiff's employment during this time period lasted fifty-eight (58) weeks. **$548.00 X 58 weeks = $31,784.00 in unliquidated damages, and $63,568.00 in liquidated damages.[2]**

27.     Plaintiff therefore estimates his total FLSA damages to be **$53,104.64 in unliquidated damages, and $106,209.28 in liquidated damages. [3]**

---

[1] In the alternative, Plaintiff calculates his half time damages to be: $5,076.91 in unliquidated damages, and $10,153.82 in liquidated damages for this time period.

[2] In the alternative, Plaintiff calculates his half time damages to be: $7,564.85 in unliquidated damages, and $15,129.71 in liquidated damages.

[3] In the alternative, Plaintiff's total half time damages are: $12,641.77 in unliquidated damages, and $25,283.53 in liquidated damages.

28. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

29. As to Plaintiff's Whistleblower claims, in early January 2018, Plaintiff approached his Manager, Christopher Lee, and objected to the unlawful disability discrimination and harassment to which he was being subjected while employed by Defendant, in violation of the Americans with Disabilities Act, ("ADA"), and the Florida Civil Rights Act, ("FCRA").

30. Plaintiff suffers from Attention Deficit Hyperactivity Disorder ("ADHD"), and Tourette Syndrome ("Tourette's"), which are protected disabilities under the ADA and the FCRA. *See* 42 U.S.C. § 12102(1)(a).

31. While an employee of Defendant, Plaintiff was regularly and unlawfully subjected to severe and pervasive discrimination based on the foregoing protected disabilities, or what Plaintiff reasonably believed to be unlawful discrimination in violation of the above cited statutes.

32. Specifically, Mr. Lee, Plaintiff's manager, ruthlessly mocked, harassed, and humiliated Plaintiff because of his disabilities.

33. By way of example, Mr. Lee would incessantly refer to Plaintiff as a "freak," "retard," or "slow," in front of clients and coworkers alike. Mr. Lee would also publicly mock Plaintiff's disability on a consistent basis, telling clients not to trust Plaintiff's judgment because he "has a disability" and most likely "can't understand" what clients were saying to Plaintiff.

34. This hostile work environment and discriminatory conduct was unlawful, as same violated the ADA and the FCRA, and certainly affect the "terms, conditions, and privileges" of Plaintiff's employment, based solely on his disability. *See* 42 U.S.C. § 12112 (a).

35. In early January 2018, Plaintiff verbally objected to Mr. Lee, and advised that this unlawful discrimination and hostile work environment violated the ADA and the FCRA, and/or that he reasonably believed same to violate these statutes, and requested that he stop this

5

conduct immediately.

36.     Plaintiff's objection in this regard constituted protected activity pursuant to Section 448.102(3), Florida Statutes.

37.     Instead of correcting its unlawful behavior, as the law required, Defendant instead elected to immediately retaliate against Plaintiff because of his objections.

38.     Specifically, Mr. Lee began to threaten Plaintiff with violence because of his objections.

39.     For example, Mr. Lee symbolically shattered tennis rackets and other equipment in front of Plaintiff, hoping to intimidate Plaintiff to cease his objections, and/or quit his employment.

40.     When Defendant, through Mr. Lee, realized that Plaintiff would not quit on his own, Defendant terminated Plaintiff, without valid cause, reason, or explanation, on January 19, 2018, approximately one (1) week after his objection to the foregoing unlawful conduct, or what he reasonably believed to be unlawful conduct.

41.     Based on the timing of Plaintiff's verbal objections to illegal activity, and his subsequent termination, it is clear that Plaintiff was retaliated against for his objections.

42.     Plaintiff was terminated in direct retaliation for reporting and objecting to Defendants' unlawful actions, or what he reasonably believed to be unlawful violations. *See Aery v. Wallace Lincoln-Mercury, LLC,* 118 So. 3d 904, 916 (Fla. 4th DCA 2013).

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION UNDER FLSA**

43.     Plaintiff re-alleges and reavers Paragraphs 1 through 28 of the Complaint, as if fully set forth herein.

44.     During his employment, Plaintiff worked in excess of the forty (40) hours per week, in at least one or more workweeks, for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

45. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours.

46. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

47. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

48. Prior to Plaintiff's termination, Defendant failed to consult with the Department of Labor to determine whether Plaintiff's pay structure and job duties rendered him exempt under the FLSA.

49. Prior to Plaintiff's termination, Defendant failed to consult with an accountant to determine whether Plaintiff's pay structure and job duties rendered him exempt under the FLSA.

50. Prior to Plaintiff's termination, Defendant failed to consult with labor counsel to determine whether Plaintiff's pay structure and job duties rendered him exempt under the FLSA.

51. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

52. Based on the allegations in Paragraphs 48-50 above, Plaintiff is entitled to liquidated damages under the FLSA.

53. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages, as well as the extended statute of limitation permitted under the FLSA.

54. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant

to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

      a.     Declaring, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

      b.     Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

      c.     Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

      d.     Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

      e.     Awarding Plaintiff pre-judgment interest; and

      f.     Ordering any other further relief the Court deems just and proper.

## COUNT II
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

55.     Plaintiff realleges and incorporates all allegations contained within Paragraphs 1 through 16, and Paragraphs 29-42, of the Complaint as if fully set forth herein.

56.     On January 19, 2018, Defendant illegally terminated Plaintiff from his employment in violation of Section 448.102(3), Fla. Stat.

57.     Approximately one (1) week prior to this termination, Plaintiff engaged in protected conduct by objecting to the illegal manner in which he was being treated (or what he reasonably believed to be illegal), namely, Defendant's unlawful discrimination aimed at his disability, in violation of the ADA and the FCRA.

58.     As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

WHEREFORE, Plaintiff requests a judgement in his favor and against Defendant for his actual and compensatory damages, including front pay and back pay, as well as his costs and attorneys' fees, declaratory and injunctive relief and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: June 4, 2018

Respectfully submitted,

Richard Celler Legal, P.A
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email: **noah@floridaovertimelawyer.com**

*/s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476

*Counsel for Plaintiff*