UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 18-80717-CIV-BRANNON

LOUIS ADDESSO,

       Plaintiff,

vs.

ABERDEEN GOLF & COUNTRY CLUB,
INC.,

       Defendant.

_____ /

## JOINT MOTION TO APPROVE FLSA SETTLEMENT AGREEMENT AND JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE

Plaintiff, Louis Addesso ("Plaintiff"), and Defendant, Aberdeen Golf & Country Club, Inc. ("Defendant"), (collectively the "Parties"), hereby file this Joint Motion to Approve FLSA Settlement Agreement and Joint Stipulation for Dismissal with Prejudice ("Motion") pursuant to Fed. R. Civ. P. 41, and state as follows:

1.      On June 4, 2018, Plaintiff filed the underlying action against Defendant asserting two claims: (1) failure to pay overtime compensation in violation of 29 U.S.C. § 207 (the "FLSA") ("Count I"), and (2) retaliation in violation of Fla. Stat. § 448.102(3) (the "Florida Private Whistleblower Act") ("Count II").

2.      On September 24, 2018, Plaintiff filed a Notice of Voluntary Dismissal of Count II without prejudice while the Equal Employment Opportunity Commission ("EEOC") investigated separately filed, but as yet unripe, claims of discrimination that mirrored Plaintiff's allegations in support of Count II.

3.      While Defendant denies Plaintiff's current and former claims in their entirety and asserted affirmative defenses thereto, the Parties engaged in settlement negotiations at mediation on February 19, 2019, resulting in a fair, reasonable, and adequate settlement, without admitting fault or liability, of all of Plaintiff's FLSA wage compensation claims, as well as all other claims that Plaintiff has brought, could have brought, or could have maintained relating to his employment with Defendant.

4.      More specifically, the Parties entered into a Settlement Agreement and Release of FLSA Claims (the "FLSA Settlement Agreement"), a copy of which shall be provided to the Court for an *in camera* inspection pursuant to the Court's paperless Order [ECF No. 33], whereby Defendant agreed to pay Plaintiff: (a) Six Thousand Two Hundred Fifty Dollars and Zero Cents ($6,250.00), less lawful withholding, representing unpaid compensation, including overtime compensation, and (b) Six Thousand Two Hundred Fifty Dollars and Zero Cents ($6,250.00) representing liquidated damages.  Additionally, Plaintiff's counsel will receive Eight Thousand Five Hundred Dollars and Zero Cents ($8,500.00), representing attorneys' fees and costs for their representation of Plaintiff.

5.      In addition, the Parties entered into a Confidential Settlement Agreement and General Release (the "Non-FLSA Settlement Agreement") of Plaintiff's former and potential Non-FLSA claims relating to his employment with Defendant, which contains a mutual general release. The excerpt from the Non-FLSA Settlement Agreement containing the mutual release language is attached hereto as Exhibit "A."

6.      Counsel for Defendant provided Plaintiff's counsel with copies of Plaintiff's payroll, attendance, and personnel records to arrive at a fair and reasonable resolution of Plaintiff's claim that he was not properly paid for certain hours worked.  Plaintiff contends that he was an

FLSA non-exempt employee, was not properly classified by Defendant, and was not paid for overtime hours that he claims he worked each workweek.  Defendant denies that it misclassified Plaintiff, that he worked any overtime hours in a given workweek, or that he is entitled to overtime compensation.  Defendant further denies that it engaged in any wrongdoing whatsoever relating to payment of wages, including overtime compensation, or relating to any other aspect of Plaintiff's former employment with Defendant.  However, in order to avoid the costs and uncertainty of litigation, the Parties negotiated a settlement of this matter.  The Parties now seek approval of the settlement from the Court.

7.      Plaintiff specifically agrees and stipulates that the terms of the FLSA Settlement Agreement represent a fair and equitable resolution of this matter, as well as Plaintiff's reasonable attorneys' fees and costs, which were separately negotiated.  Additionally, the Parties have been adequately represented by experienced counsel, and have had an adequate opportunity to negotiate, review, and agree to the terms contained in the FLSA Settlement Agreement.

8.      Accordingly, the Parties request that the Court approve the Parties' FLSA Settlement Agreement as a fair and reasonable resolution of a *bona fide* dispute under the FLSA. The Parties are in agreement that this Court may enter a Final Order Approving Settlement, in the form attached hereto as Exhibit "B," after scrutinizing the settlement for fairness and approving the same.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and

reasonable resolution of a bona fide dispute over FLSA provisions."); *see also Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

9.      Aside from Plaintiff, no other persons have filed notices of consent to join and there are no other parties to the action other than those set forth in the caption above.

10.      The Parties further stipulate, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), to the dismissal, *with prejudice*, of the entire action upon approval of the FLSA Settlement Agreement by the Court as requested above, with the caveat that the Court should retain jurisdiction, pursuant to the terms of the FLSA Settlement Agreement and the Non-FLSA Settlement Agreement, for the sole purpose of enforcing the terms of each agreement.  *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

11.      As payment of the settlement funds is conditioned upon Court approval, the Parties condition the dismissal of this action with prejudice upon the Court retaining jurisdiction to enforce the terms of the FLSA Settlement Agreement and Non-FLSA Settlement Agreement.  Therefore, the effectiveness of the dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the agreements.  *See id*.

WHEREFORE, the Parties respectfully request that the Court: (1) approve the FLSA Settlement Agreement resolving the matter on the terms set forth therein; (2) dismiss this action with prejudice; (3) retain jurisdiction for the limited purpose of enforcing the FLSA Settlement Agreement and Non-FLSA Settlement Agreement; and (4) grant such further relief as the Court deems just and proper.

Dated:  March 6, 2019

Respectfully submitted,

By: *s/Noah E. Storch*           
Noah E. Storch, Esq.
Florida Bar No. 0085476
E-mail: *noah@floridaovertimelawyer.com*
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
*Counsel for Plaintiff*

By: *s/Scott S. Allen*           
Scott S. Allen, Esq.
Florida Bar No. 143278
E-mail: *scott.allen@jacksonlewis.com*
Christopher T. Perré, Esq.
Florida Bar No. 123902
E-mail: *christopher.perre@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  (305) 577-7600
*Counsel for Defendant*

# EXHIBIT "A"

## <u>CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE</u>

WHEREAS, Louis Addesso, his heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Addesso") and Aberdeen Golf & Country Club, Inc. ("Aberdeen") (collectively are referred to throughout this Agreement as the "Parties") desire to settle and resolve the controversies between them amicably and expeditiously;

REDACTED

NOW, THEREFORE, for the good and valuable consideration set forth herein, it is hereby,

STIPULATED AND AGREED, by and between the Parties, that Addesso's claims are resolved as follows:

REDACTED






### 3. Mutual Release, Claims Not Released, and Related Provisions.

      **a.** **General Release of All Claims by Addessso**.  Addesso knowingly and voluntarily releases and forever discharges Aberdeen and its heirs, executors, administrators, successors, and assigns, administrators, successors, assigns, parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, co-employers, and their current and former employees, attorneys, officers, members, directors, board members, and agents, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as the "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Addesso had, has, or may have against Releasees as of the date of execution of this Agreement in connection with his employment with Aberdeen including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990 ("ADA");

- The Family and Medical Leave Act ("FMLA");

- The Age Discrimination in Employment Act ("ADEA");

- The Workers Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Genetic Information Nondiscrimination Act of 2008;

- The Occupational Safety and Health Act, as amended ("OSHA");




- The Equal Pay Act;

- Florida Civil Rights Act – Fla. Stat. § 760.01 et seq.;

- Florida Whistle Blower Act – Fla. Stat. § 448.101 et seq.;

- Florida Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim – Fla. Stat. § 440.205;

- Florida Wage Discrimination Law – Fla. Stat. § 448.07;

- Florida Equal Pay Law – Fla. Stat. § 725.07 and Fla. Stat. Ann. § 448.07;

- Florida AIDS Act – Fla. Stat. § 110.1125, § 381.00 and § 760.50;

- Florida Domestic Violence Leave Law;

- Florida Preservation and Protection of the Right to Keep and Bear Arms in Vehicles Act;

- Florida Discrimination on the Basis of Sickle Cell Trait Law – Fla. Stat. § 448.075 et seq.;

- Florida OSHA – Fla. Stat. Ann. § 442.018(2);

- any other federal, state or local law, rule, regulation, or ordinance;

- any public policy, contract, tort, or common law; and/or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

**b.** **Claims Not Released by Addesso**. Notwithstanding anything to the contrary, Addesso is not waiving any rights he may have to: (a) his own vested accrued employee benefits under Aberdeen's health, welfare, or retirement benefit plans; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) challenge the validity of this Agreement. The Parties acknowledge that Addesso is not waiving his right to proceed with proceedings for unemployment compensation in connection with his employment with Aberdeen.

**c.** **Governmental Agencies**. Nothing in this Agreement prohibits or prevents Addesso from filing a charge with, or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before, any federal, state, or local government agency (*e.g.*, EEOC, NLRB, SEC., etc.), nor does anything in this Agreement

3




preclude, prohibit, or otherwise limit, in any way, Addesso's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies.  However, to the maximum extent permitted by law, Addesso agrees that if such an administrative claim is made, he shall not be entitled to recover any individual monetary relief or other individual remedies.

        **d.**    **Collective/Class Action Waiver**.  If any claim is not subject to release, to the extent permitted by law, Addesso waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Aberdeen or any other Releasee identified in this Agreement is a party.

        **e.**    **Claims Released by Aberdeen**.  Aberdeen knowingly and voluntarily releases and forever discharges Addesso and his heirs, executors, administrators, successors and assigns from any claims Aberdeen has or may have against him, known and unknown, as of the date of the execution of this Agreement.

REDACTED

4




# REDACTED






ADDESSO IS ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS CONFIDENTIAL SETTLEMENT AGREEMENT. ADDESSO ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO HIS SIGNING OF THIS AGREEMENT AND, IN FACT, HAS CONSULTED WITH HIS COUNSEL, NOAH E. STORCH, ESQ.

ADDESSO MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY HE SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO SCOTT S. ALLEN, ESQ., JACKSON LEWIS PC, ONE BISCAYNE TOWER, 2 SOUTH BISCAYNE BOULEVARD, MIAMI, FL 33131, AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR CONFIDENTIAL SETTLEMENT AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO SCOTT S. ALLEN, OR HIS DESIGNEE, OR MAILED TO SCOTT S. ALLEN AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER ADDESSO SIGNS THIS AGREEMENT.

ADDESSO AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

ADDESSO FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS CONFIDENTIAL SETTLEMENT




**AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

\*　　\*　　\*

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**LOUIS ADDESSO**

By: _____

Date: _____

**ABERDEEN GOLF & COUNTRY CLUB, INC.**

By: _____

Name: _____

Title: _____

Date: _____

4852-3944-5640, v. 1

7



